# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50349
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCELINO JAIME-LUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-677-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Marcelino Jaime-Luna appeals the 51-month sentence he received following his guilty plea conviction for illegal reentry into the United States. He argues that the sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). We review sentences for substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). Because the sentence falls within the properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculated advisory guidelines range, it is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). We have rejected Jaime-Luna's argument that the double-counting of criminal history for illegal reentry necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Jaime-Luna's general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). His arguments amount to a request that this court reweigh the sentencing factors, which we may not do. *See Gall*, 552 U.S. at 51. Jaime-Luna has not shown that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors. He has not rebutted the presumption of reasonableness. *See Cooks*, 589 F.3d at 186.

AFFIRMED.